Jennifer Celestine Martinez v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-200-CR

JENNIFER CELESTINE MARTINEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Jennifer Celestine Martinez pleaded guilty to recklessly causing serious bodily injury to a child, her eight-month-old son Timothy, by putting him in hot water, and pleaded true to the allegation that she used a deadly weapon, to wit:  hot water.  A jury assessed Martinez’s punishment at five years’ confinement, and the trial court sentenced her accordingly.  In a single point on appeal Martinez claims that the trial court erred by admitting photographs of her son’s burns into evidence at the trial on punishment because any probative value of the photographs was substantially outweighed by their prejudicial effect.  We will affirm.

II. Factual and Procedural Background

On December 20, 2001, as Martinez bathed her two children, Timothy suffered severe third degree burns over 28% of his body.  Martinez claimed that her two-year-old son was in the bathtub and Timothy was in the bathroom sink. She said she left the water in the sink trickling and went to retrieve soap and other items from another room.  When she returned, her two-year-old son was up on the sink with his hand on the faucet, and hot water was pouring out full blast onto Timothy.  Worried about Timothy, Martinez called her husband at work, leaving him several messages.  She testified that she also called her brother and left a message, called the hospital and was told to bring Timothy in but to take her time, and went to a neighbor’s for help, but the neighbor was not home.  Martinez’s husband eventually returned her call and, because the couple did not have insurance and because he had the family’s only car at work, told her he would evaluate Timothy’s situation when he came home from work.  Martinez’s in-laws came over for a scheduled visit and, when they saw Timothy, called 911. 

Timothy’s doctor testified that Timothy’s burns were not caused by water splashed upon him or by being in a container filling with water.  He said Timothy’s burns were consistent with being placed into hot water because the burns were uniform in depth and had very sharp edges.  During the State’s direct examination of Timothy’s doctor at the trial on punishment, the trial court admitted six photographs of Timothy’s injuries.  The first photograph showed Timothy’s whole body; Martinez did not object to the admission of that photograph.  The five other photographs were close-up pictures of burns on Timothy’s abdomen, genitals, legs, and hand.  Martinez objected to the admission of these photographs on the grounds that they were cumulative and that the probative value of the photographs was significantly outweighed by their prejudicial effect.

III.  No Abuse of Discretion in Admission of Photographs

Appellate courts give great discretion to trial courts in matters of relevancy, reversing only if the trial court acts outside “the zone of reasonable disagreement.”  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  
A trial court’s ruling on admissibility should not be disturbed simply because an appellate judge might decide a question differently than the trial judge.  
Id.
  So long as the trial court’s decision to admit or exclude evidence falls in the zone within which reasonable minds may differ, appellate courts should refrain from disturbing the trial court’s decision on appeal.  
Id.
; 
Osby v. State
, 939 S.W.2d 787, 789 (Tex. App.—Fort Worth 1997, pet. ref’d).
 Martinez does not argue that the photographs are not relevant, but instead contends that under Rule 403 of the rules of evidence, their probative value is greatly outweighed by their prejudicial effect.  
Tex. R. Evid.
 403. Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.  
Id.
; 
Potter v. State
, 74 S.W.3d 105, 112 (Tex. App.—Waco 2002, no pet.).  A Rule 403 analysis by the trial court should include, but is not limited to, the following considerations:  (1) how probative is the evidence; (2) the potential of the evidence to impress the jury in some irrational, indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent’s need for the evidence.  
Reese v. State
, 33 S.W.3d 238, 240-41 (Tex. Crim. App. 2000).

Concerning probativeness, photographs generally are admissible if verbal testimony of the matters depicted in the photographs is also admissible as long as their probative value is not outweighed by any prejudicial effect.  
Potter, 
74 S.W.3d at 112 
(citing 
Ramirez v. State
, 815 S.W.2d 636, 647 (Tex. Crim. App. 1991)).  In determining whether photographs will tend to encourage resolution of material issues on an improper emotional basis, the trial court should consider factors such as, but not limited to, the photos’ gruesomeness, their detail, their size (i.e., whether they have been enlarged), whether they are black and white or color, whether they are close-up, and whether the body is naked or clothed.  
Potter
, 74 S.W.3d at 112; 
Reese
, 33 S.W.3d at 241.  It is also relevant for the trial court to consider whether the body in the photograph had been altered since the crime in some way that might enhance the gruesomeness of the photograph to the defendant’s detriment.  
Potter
, 74 S.W.3d at 112. Here, Timothy’s doctor testified about his burn wounds, using the pictures as demonstrative aids.  The pictures demonstrated that Timothy suffered third degree burns and showed a uniform burn line where the water went across his abdomen and genitalia, and across his thigh where his knee was bent out of the water.  This testimony was probative because Martinez testified that she placed Timothy in warm water in the sink and her two-year-old son turned on the hot water, burning Timothy.  Timothy’s doctor’s testimony and the close-up photographs rebut Martinez’s testimony and show that Timothy was placed into hot water, not splashed with hot water.  In assessing punishment, the jury was entitled to determine and consider the circumstances surrounding the offense.  
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a)(1) (Vernon Supp. 2004).  Because Timothy’s doctor’s testimony describing Timothy’s burn wounds is admissible, the photographs are also admissible unless their probative value is outweighed by any prejudicial effect. 
See Ramirez
, 815 S.W.2d at 647; 
Adams v. State
, 685 S.W.2d 661, 668 (Tex. Crim. App. 1985). 

We have reviewed the photos and conclude that the trial court acted within its discretion in determining that the probative value of the photographs was not greatly outweighed by their prejudicial effect.  The photographs do not encourage the jury to resolve material issues on an improper emotional basis. 
Cf. Potter
, 74 S.W.3d at 113 (holding photo of victim’s head, taken at morgue and showing injuries from attempted tracheotomy, unduly prejudicial); 
Reese
, 33 S.W.3d at 239 (holding photo of victim and her deceased unborn baby laying in coffin together unduly prejudicial).  The photographs of Timothy’s wounds are not particularly gruesome, and his body had not been altered to enhance the gruesomeness to Martinez’s detriment.  
See Chamberlain v. State,
 998 S.W.2d 230, 237 (Tex. Crim. App. 1999) (holding photos, including close ups, of victim’s wounds “gruesome in that they depict disagreeable realities, but they depict nothing more than the reality of the brutal crime committed”), 
cert. denied
, 528 U.S. 1082 (2000).  
The photos of Timothy’s burns simply do not have a high potential to impress the jury in some irrational, indelible way.  The time needed to develop the evidence was very small because the photos were introduced into evidence during Timothy’s doctor’s testimony as demonstrative evidence, visually aiding the doctor’s verbal explanation of Timothy’s wounds. And, finally, the State needed the evidence because Martinez testified that Timothy was injured by splashing water, not by being placed in hot water. In short, we hold that the trial court acted within its discretion by admitting State’s exhibits 8 through 12.  We overrule Martinez’s point.

IV.  Conclusion

Having overruled Martinez’s sole point, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: WALKER, J.; WILLIAM BRIGHAM, J. (Senior Justice, Retired, Sitting by Assignment); and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: June 10, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.